UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| RAYMOND WATISON, #1031835 | ) ) ) | |
| Plaintiff, | ) ) | 2:10-cv-01340-KJD-LRL |
| vs. | ) ) | **ORDER** |
| JOSEPH HANSON, | ) ) | |
| Defendant. | ) ) / | |

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. The court now reviews the amended complaint (docket #5).

**I. Screening Standard**

Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id*. at 327. The critical inquiry is whether a

constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). All or part of a complaint filed by a prisoner may be dismissed *sua sponte*, however, if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke*, 490 U.S. at 327-28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

1   To sustain an action under section 1983, a plaintiff must show (1) that the conduct
2   complained of was committed by a person acting under color of state law; and (2) that the conduct
3   deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689
4   (9th Cir. 2006).

**II.  Instant Complaint**

Plaintiff, who is currently incarcerated at High Desert State Prison ("HDSP") has sued HDSP dentist Joseph Hanson. Plaintiff claims that defendant has been deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights.

Plaintiff alleges the following: that he was incarcerated at Northern Nevada Correctional Center, where he was receiving antibiotics for a dental infection and where he was scheduled to have the tooth pulled. At the end of April 2010, he was transferred to HDSP. When he kited medical to inform them that he needed pain medication and a dental appointment because he had been scheduled to have his tooth pulled, the response was "You have to get back in line, every time you go to a new prison you must wait for your turn just like everybody else . . . ." While he submitted at least five kites requesting pain medication and a dental visit, the dentist repeatedly told him he would have to wait his turn. He did not receive any pain medication until some time in June and then, despite repeated requests, apparently received pain medication only intermittently until the tooth was pulled at the end of August.

The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies broad and idealistic concepts of dignity, civilized standards, humanity and decency." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). A detainee or prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Id.* at 106. The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm.

1  *Farmer*, 511 U.S. at 837.  A prison official does not act in a deliberately indifferent manner unless the
2  official "knows of and disregards an excessive risk to inmate health or safety." *Id.*

3  In applying this standard, the Ninth Circuit has held that before it can be said that a
4  prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.
5  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."
6  *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980), citing *Estelle*, 429 U.S. at 105-06.
7  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does
8  not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does
9  not become a constitutional violation merely because the victim is a prisoner."  *Estelle v. Gamble*, 429
10 U.S. at 106; *see also Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995); *McGuckin v.*
11 *Smith*, 974 F.2d 1050, 1050 (9th Cir. 1992) (*overruled on other grounds*)*, WMX Techs., Inc. v. Miller*,
12 104 F.3d 1133, 1136 (9th Cir. 1997)(en banc).  Even gross negligence is insufficient to establish
13 deliberate indifference to serious medical needs.  *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th
14 Cir. 1990).  A prisoner's mere disagreement with diagnosis or treatment does not support a claim of
15 deliberate indifference.  *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

16 Delay of, or interference with, medical treatment can also amount to deliberate
17 indifference.  *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Clement v. Gomez*, 298 F.3d 898,
18 905 (9th Cir. 2002); *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002); *Lopez v. Smith*, 203 F.3d 1122,
19 1131 (9th Cir. 1996); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *McGuckin v. Smith*, 974 F.2d
20 1050, 1059 (9th Cir. 1992) *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133,
21 (9th Cir. 1997) (en banc); *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).  Where the
22 prisoner is alleging that delay of medical treatment evinces deliberate indifference, however, the prisoner
23 must show that the delay led to further injury.  *See Hallett*, 296 F.3d at 745-46; *McGuckin*, 974 F.2d at
24 1060; *Shapley v. Nev. Bd. Of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam).
25 Plaintiff states an Eighth Amendment medical claim.
26

**III.  Conclusion**

      **IT IS THEREFORE ORDERED** that plaintiff's amended complaint (docket #5) **MAY PROCEED**.

      **IT IS FURTHER ORDERED** that the Clerk **shall electronically serve a copy of this order, along with a copy of plaintiff's amended complaint, on the Office of the Attorney General of the State of Nevada, attention Pamela Sharp**.  The Attorney General shall advise the Court within **twenty-one (21) days** of the date of entry of this order whether they can accept service of process for the named defendants and the last known address under seal of the defendants for which they cannot accept service.  If the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the complaint within **thirty (30) days** of the date of the notice of acceptance of service.

      **IT IS FURTHER ORDERED** that henceforth, plaintiff shall serve upon defendants, or, if an appearance has been made by counsel, upon their attorney(s), a copy of every pleading, motion, or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for defendants.  If counsel has entered a notice of appearance, the plaintiff shall direct service to the individual attorney named in the notice of appearance, at the address stated therein.  The Court may disregard any paper received by a district judge or a magistrate judge that has not been filed with the Clerk, and any paper which fails to include a certificate showing proper service.

      DATED this 6th day of December, 2010.

_____
UNITED STATES MAGISTRATE JUDGE