UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

RAYMOND WATISON,

        Plaintiff,

v.

INMATE DENTIST, *et al.*,

        Defendants.

2:10-cv-01340-KJD-LRL

**O R D E R**

Before the court are plaintiff's Motion to Restore Copywork Account (#7) and Motion to Extend Copywork Limit (#9). Plaintiff's motions (## 7, 9) both seek an order from the court to increase his legal photocopy account.[1] Plaintiff's motion (#7) for legal photocopies will be granted in part. His motion (#9) shall be denied as moot.

The right to meaningful access to the courts does not confer a right to free unlimited photocopies. *See Sands v. Lewis*, 886 F.2d 1166, 1169 (9th Cir. 1989) (citing *Jones v. Franzen*, 697 F.2d 801, 803 ("[B]road as the constitutional concept of liberty is, it does not include the right to xerox." (7th Cir.1983)); *see also Wanninger v. Davenport*, 697 F.2d 992, 994 (11th Cir.1983); *Johnson v. Parke*, 642 F.2d 377, 380 (10th Cir. 1981); *Harrell v. Keohane*, 621 F.2d 1059, 1060-61 (10th Cir.1980). As noted by plaintiff, the Nevada Department of Corrections provides $100.00 of free legal copy work to prisoner litigants and charges ten cents per page for photocopies. Mot. (#7). Seventy cents remain in plaintiff's legal copy account. In a letter attached to the Motion (#9), plaintiff explains that he is unable to make copies of "exhibits attached to the clerk copies." Plaintiff further maintains that unless his account is extended, he will not be able to serve copies of his pleadings, motions, and

---

[1] Plaintiff filed two nearly identical motions (##20, 23) in another of his actions, *Watison v. Stroud, et. al.*, 2:10-cv-1370-GMN-LRL.

other documents as he pursues his action. Through his Motion (#7) plaintiff asks the court to "grant me enough copywork for my litigation." In his Motion (#9), plaintiff asks the court to extend his account by $50.00. He does not, however, explain how he arrived at that specific amount.

The court in its discretion will authorize a $10.00 increase in plaintiff's copy credit limit. Plaintiff should not assume that further increases will be granted as a matter of course or without a particularized showing of specific need. Plaintiff should use carbon paper where possible to make service and file copies of papers submitted to the Court that are not presented on a complaint form. If plaintiff believes that he needs copies for cases in other courts or in other cases in this court, he must seek an order for copies in each such particular case based upon a particularized showing of need.

IT IS THEREFORE ORDERED that plaintiff's Motion to Restore Copywork Account (#7) is granted in part only to the limited extent that the Nevada Department of Corrections shall increase plaintiff's credit copy limit by ten dollars ($10.00). The Clerk shall send a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

IT IS FURTHER ORDERED that plaintiff's Motion to Extend Copywork Limit (#9) is denied as moot.

DATED this 31st day of January, 2011.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**

2